IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA



FILED
ASHEVILLE, N.C.
DEC 12 2006
U.S. DISTRICT COURT
W. DIST. OF N.C.

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) ) ) ) | CIVIL ACTION NO. MDL 875 |
| This Document Relates to: ) | W.D.N.C. Statesville Division<br>Civil Action Number: 1:04 CV 114 |
| NORMA JEAN CLOER YOUNT, Executrix of the Estate of DONALD RAY YOUNT, Plaintiff, ) ) ) ) ) | |
| v. ) ) | |
| AQUA-CHEM, et al, including JOHN CRANE, INC. Defendants. ) ) ) | |

## ORDER OF DISMISSAL

AND NOW, this 27th day of October, 2006, pursuant to MDL 875 Pretrial Order No. 3, Section 3.I.C., upon consideration of the request for dismissal of defendant John Crane, Inc., all counsel of record having been served with its letter motion requesting dismissal by agreement, and there being no opposition to the entry of this Order;

IT IS HEREBY ORDERED that the request for dismissal is granted with prejudice as to the claims of Norma Jean Cloer Yount, Executrix of the Estate of Donald Ray Yount, and without prejudice as to all crossclaims against defendant John Crane, Inc. for the following reason:

\_\_\_\_\_ 1.    Movant did not come into existence until after plaintiff's alleged asbestos exposure.

L:\040529\ORDER OF DISMISSAL-Yount.doc

____ 2. Movant never manufactured, distributed, sold or otherwise supplied any asbestos-containing product prior to or at the time of plaintiff's alleged exposure.

____ 3. Movant never manufactured, distributed, sold or otherwise supplied any asbestos-containing product to plaintiff's employer or performed any work involving asbestos at plaintiff's place(s) or employment.

_X_ 4. The absence of evidence of exposure to Movant's asbestos-containing products;

____ 5. Other grounds.

SO ORDERED:

_____
HONORABLE JAMES T. GILES, U.S.D.J.
10/27/2006